Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT, }
Hon. LUKE P. POLAND, } Assistant Judges.

---

## State v. John C. Dow.

In order to constitute one a dealer in spirituous liquors, so as to subject him to the penalty imposed by the statute of 1846, it is not necessary, that he should actually do the business in person, or even that it should be done in his presence, or by his express command. If he keep liquors, and employ clerks to deal them out in common with other commodities, he is equally as liable for sales made by such clerks, as if made by him in person.

So if the owner of the store of goods, at which spirituous liquors are kept for sale, reside out of this state, and the business of the store is managed by one who is his general agent in that respect, and who has the general direction and supervision of the clerks in the store, the same as his employer would have had, if he had been present, such general agent is liable to the penalty imposed by statute, although the liquors be in fact sold by the clerks.

State *v.* Dow.

INDICTMENT for becoming a retailer, without license. Plea, not guilty, and trial by jury, December Term, 1848,—POLAND, J., presiding.

On trial evidence was given on the part of the prosecution tending to prove, that for several years past there had been kept a store of goods in Albany, in the county of Orleans, which was owned, or reputed to be owned, by one William Hayden, a resident of Manchester, New Hampshire; that the respondent has for several years had the whole control and management of the business of the store, calling himself the agent of Hayden; that in the winter of 1847-8 spirituous liquors were kept for sale at the store, and were, in repeated instances, sold, without any license having been granted to any one to sell at that store ; but the evidence did not show any actual sale and delivery of liquors by the respondent in person, but all the acts of selling proved were by one Howard, who was, as the evidence tended to prove, a clerk in the store, under the control and direction of the respondent.

The respondent gave evidence tending to prove, that he was a mere clerk for Hayden, and that Howard was also a clerk for Hayden, having, so far as the store was concerned, at least equal right, with the respondent, to control and direct, and that Howard was not subject to the control and direction of the respondent, but kept the books and delivered most of the goods from the store.

The court charged the jury, that, if the evidence proved to their satisfaction, beyond reasonable doubt, that the respondent was the general agent of Hayden, and had the general supervision, direction and management of the business of the store, and that Howard was a mere clerk therein, subject to the respondent's direction and control, then the respondent would be liable for the retailing of liquors at the store, although they were actually delivered by Howard ; but that, if the respondent were himself only a clerk, and had no higher right to control the business than Howard had, and Howard was not subject to his control and direction, then the respondent would not be liable for the conduct of Howard, in selling liquors without license.

The jury found the respondent guilty. Exceptions by respondent,

*T. P. Redfield* and *J. Cooper* for respondent.

The court below have made the guilt of the respondent to depend upon his relation to the store, and not upon any agency he may have had in the crime alleged in the indictment. The jury were directed to inquire, not whether the respondent had sold liquor, nor whether he had counselled, commanded, or incited, Howard to do it, nor whether Howard had sold any with the respondent's knowledge, or consent, but, *which had the higher right in the store.* But we insist, that the respondent cannot, by relation, be made responsible for the crimes of others; but he must be proved to have been personally concerned in the sale. *State* v. *Munger*, 15 Vt. 290. 1 Chit. Cr. Law 216. 2 Stark. Ev. 3–8. A mere clerk is liable for selling liquors, though done in the immediate presence of his principal and employer. *Commonwealth* v. *Hadley*, 11 Met. 66. The doctrine in Massachusetts seems to be, that, in order to convict the employer for sales made by the clerk, or servant, the jury must find, that the act was done by the advice, aid, or command, of the master,—they must find such facts, as would make the respondent an accomplice at common law. But in this case it appears, that the respondent and Howard were each mere clerks and servants of Hayden, without interest,—each employed by Hayden for wages. Can the elder and head clerk be made responsible for the crime of his inferior ?

*H. F. Prentiss*, state's attorney.

The respondent stood in the place of Hayden, the owner of the store, and whatever was done there was done under his authority, by his direction, and with his knowledge. He was at least *particeps criminis.* In felony those who counsel or command the offence are accessories. In cases under the degree of felony there can be no accessories, but all concerned are principals. Hayden residing out of the state, and the respondent having the general supervision and direction of the business of the store, the law presumes he counselled or commanded the offence. 1 Russell on Crimes 29–32.

The opinion of the court was delivered by

POLAND, J. The respondent was indicted for dealing in the selling of spirituous liquors as a retailer, without being legally licensed for that purpose under the statute of 1846. The case shows, that

in the winter of 1847–8 spirituous liquors were kept for sale, and were openly and constantly sold through the winter, at the store in Albany, under the superintendence and care of the respondent, without any license to any person so to do; but it did not appear, that the respondent delivered or sold any with his own hand; all the acts of selling were by Howard, a clerk in the store.

In order to constitute one a dealer, so as to subject him to the penalty imposed by the statute of 1846, it is not necessary, that he should actually do the business in person, or even that it should be done in his presence, or by his express command. A merchant, who keeps liquors in his store for sale, and clerks to deal it out in common with other commodities kept for sale, is equally as liable for sales made by such clerks, as if made by him in person; it is a *dealing* by him.

The objections in the present case arise upon the charge of the county court to the jury; and for the purpose of a proper understanding of the charge, it is necessary to examine and ascertain what was the question really litigated before the jury, upon the trial in the county court. No question seems to have been made, but what the sale of liquors was within the knowledge of the respondent, or even in his presence; but the defence was rested upon the sole ground, that the respondent and Howard were both mere clerks, or servants, of Hayden, the reputed owner of the store and goods; and that the respondent had no control over the acts or conduct of Howard, and could not therefore be held to be responsible for his conduct. The prosecution claimed, and attempted to prove, that though the respondent might in some sense be but a clerk, or servant, of Hayden, still that he stood in the place of Hayden, and had and exercised the same control over the business and over Howard, that Hayden himself would have done, had he been actually present, superintending the business himself. The charge given to the jury was in reference to the ground of defence set up in the case; and there was certainly no necessity, or propriety, in the county court instructing the jury upon points not made in the case by the evidence, or raised by the counsel.

Under the charge the jury must have found, that the respondent, in reference to the business done at the store in question, stood in the place of and exercised all the rights and responsibilities of Hay-

den, the reputed owner, and that Howard was a mere clerk under the respondent, subject to his direction and under his actual control and supervision. The jury were told, that if they found this to be the relation, in which the respondent and Howard stood to each other, these sales made by Howard would legally be the same as sales by the respondent, and that the respondent would be liable to the penalty imposed by law. We think this direction was clearly right, and it appears to have covered the only question made in the case,— and as the jury found these facts, the conviction was right. The exceptions of the respondent are therefore overruled.