# RE J. J. ENRIGHT.

JANUARY TERM, 1895.

*Disbarment of attorney.    Construction of report.*

1. Where a committee of two, appointed to report the facts upon proceedings for disbarment, agree as to the facts but disagree as to the conclusion to be drawn from those facts, that aspect of the report most favorable to the attorney on trial will be adopted.

2. It is cause for disbarment, if an attorney, who, as an executor, is a co-plaintiff in a suit, represents to the opposing attorney that he has knowledge of certain facts, which will be an absolute defence to the suit, and which he offers to impart for the payment of a sum of money, although such representations are false and were made to induce a settlement of the suit.

Proceedings for disbarment.   Heard upon the report of a committee.   The opinion states the facts.

*J. L. Cushman* for prosecution.

*W. L. Burnap* and *Henry Ballard* for Enright.

PER CURIAM.   Mr. Enright is a duly admitted and sworn attorney of this court and under the law by virtue thereof, entitled to practice in the other courts of the state. As such attorney, he brought a suit in favor of Matthew Bingham against the Phœnix Insurance Company, of New York.   Mr. E. R. Hard was the attorney for the insurance company, and Mr. U. C. Crosby its agent.   Subsequently Mr. Bingham died, and Mr. Enright and Mr. Dodds were

duly appointed executors of Mr. Bingham's will, and as such entered to prosecute the suit.    Mr. Enright continued to act as attorney for the plaintiffs, but, some disagreement having arisen between Mr. Enright and Mr. Dodds, the latter employed another attorney to appear and act for him.    On the trial of this suit, at the April term of Chittenden County Court, 1894, evidence was given that Mr. Enright, before the trial, had approached Mr. Hard and told him that the Bingham estate was owing him considerable, and that if Mr. Hard could influence the company to pay his claim, or four hundred dollars, he would impart to him information which would be absolutely sure to insure the defence in that case. Evidence was also given that, on another occasion, before the trial, Mr. Enright had an interview with Mr. Crosby, and told him that he was tired and disgusted with the case, and that Mr. Dodds, his co-executor, was a rascal, that he had got more or less money in it; and that he had in his posession facts which if placed in the possession of the company would make the defence of the suit absolute, and if he could be remunerated he would put Mr. Crosby in possession of such facts.    Knowledge that such testimony had been given having come to this court, the court, of its own motion, filed an order directing the state's attorney of Chittenden County to file charges of unprofessional conduct against Mr. Enright, stating therein the matters which had appeared in evidence on the trial, and calling upon Mr. Enright to make answer to the charges so made.    Mr. Enright filed his answer, specifically and generally, denying the charges.    This court referred the matter, for hearing, and for the determination of the truth of the charges, to two members of the bar of the state, and prominent members of the bar association.    This committee having fully heard the state's attorney, Mr. Enright and their respective witnesses, in respect to such charges, have reported that they find that Mr. Enright, while the suit against the insur-

ance company, in which he was one of the plaintiffs, as
executor of Mr. Bingham's will, and attorney, was pending,
did in substance make the proposition set forth in the charges
to Mr. Hard, as the attorney of the insurance company,
and to Mr. Crosby, its agent. The committee do not find
that Mr. Enright had knowledge of any such facts as would
make an absolute defence for the insurance company; and
report that there was no evidence before them, except his
statements to Mr. Hard and to Mr. Crosby, that he had
knowledge of any such facts. They, in substance, find
that these statements of Mr. Enright, that he had knowledge
of such facts, are not to be credited; and find that he is not
guilty of knowingly suing or prosecuting a false or unlaw-
ful suit. One of the committee, from the facts and circum-
stances, infers and finds that these offers were made by Mr.
Enright with the corrupt intention of benefitting himself, at
the expense of the estate of which he was then executor,
and in violation of his oath as an attorney. The committee
find that the estate of Mr. Bingham was small and insuffi-
cient to pay much, if anything, on the claims against it, or
the expenses of administration, unless something was rea-
lized out of the suit against the insurance company, and
that Mr. Enright's claim against it amounted to two hundred
ten dollars. Mr. Dodds also had a claim against the estate.
Both were anxious to procure a settlement of the suit
against the insurance company. The other committee fails
to find that Mr. Enright had any corrupt motive in having
these interviews and making the offers, "but infers that
what Mr. Enright said was but an attempt to draw out
something from the other party looking towards the set-
tlement of the suit, and failing in this the whole subject
matter was dropped." This committee was selected be-
cause the court knew that they were fair minded, careful
men, who had had a large experience in the trial of cases. This
court, however much any one of its members might think

that the facts and circumstances found by both of the committee support the inference of one of the committee, and fail to support the inference of the other, feels bound to rest its judgment upon the inference most favorable to Mr. Enright. A judgment of disbarment is a serious matter to Mr. Enright. It removes him from the practice of his chosen profession. It has cost him considerable money, and several years time to prepare himself for such practice. It also leaves a stain upon his character. We are fully mindful of its grave consequences to him. We are also mindful that by admitting him to the bar, and allowing him to practice law in the courts of the state, the court held him out to the community as worthy of confidence, as a man of integrity and honesty, to whom all could safely confide, and entrust their rights to property, liberty and life. The statute and rules formulated by its authority require that before this court can admit to the practice of the law any one, it must be satisfied, not only that he has acquired a creditable knowledge of the principles of the law, of their application, and of the practice of the courts, but also, that he sustains a good moral character. He must also take a solemn oath that he will do no falsehood, nor consent that any be done in court, and if he should know of any, he will give knowledge thereof to the judges of the court, or some of them, that it may be reformed ; that he will not wittingly, willingly, or knowingly sue, or procure to be sued any false, or unlawful suit, or give aid or consent to the same ; that he will delay no man for lucre or malice, but will act in the office of attorney within the court, according to his best learning and discretion, with all good fidelity, as well to the court as to his client. This is the rule of his conduct in the practice of his profession. He places himself under the most solemn obligation known to the law to obey and be ruled by it. On the most favorable inference, in a pending suit, in which he was both party and attorney, on one ocasion he approached

the attorney, and on another the agent of the other party, with a falsehood, pretended to have knowledge of facts which he did not posess, offered to sell it for a price, to induce an offer of settlement, which would not otherwise be made. This was done with reference to a suit then pending in court, and to secure an unfair and fraudulent settlement of it. It was a plain violation of his oath and of his duty, when considered in its most favorable light. All decisions and authorities concur in holding that it is the right and duty of the court, when an attorney is found guilty of corrupt or fraudulent acts, performed in his office of attorney, to withdraw the right and privilege which were conferred by admitting him to the bar of the courts of the state. *Delanas Case*, 58 N. H. 5; *Barker's Case*, 49 N. H. 195; *Bryant's Case*, 24 N. H. 149; *State* v. *Kirke*, 12 Fla. 278 (95 Am. Dec. 314) and extended note.

*Judgment that Mr. Enright is removed from the office of attorney at law and from the office of solicitor in chancery.*

Taft, J., excused himself from acting, as the matter arose in the county where he resides.