## IN RE JOHN J. ENRIGHT.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Disbarment—Petition to Reinstate.*

The true object of disbarment is not the punishment of the attorney but the efficiency of the court and the protection of the public. Courts are established to ascertain the truth as the foundation for a proper judgment, and an attorney is an officer of the court, pledged to its assistance and vouched for by it as worthy of confidence. When, therefore, an attorney has been removed for unfaithfulness to his trust, he is not to be reinstated merely upon the ground that he has been sufficiently punished, without any evidence of a change in his character.

PETITION to the Supreme Court to set aside its judgment of disbarment against the petitioner. The case is stated in the opinion.

*Roberts & Roberts* for the petitioner.

*R. E. Brown*, State's Attorney, *contra*.

Ross, C. J. This is a petition of John J. Enright praying this court to set aside its judgment of disbarment rendered against him at its January Term, 1895. In it he sets forth the judgment of disbarment and refers to it, as found in 67 Vt. 351, and says, "that he has realized and appreciated, to the fullest extent, and with the most intense feeling, all the grave consequences of his removal; that he has suffered greatly from loss of business and the consequent taking from him of his means of livelihood that has been the result of it. * * * That to continue his punishment would be unnecessary to his discipline, or for public example, and would be unnecessarily severe for the offense charged." This is the only ground for relief set forth in his petition. In support of his petition he has filed petitions signed by a majority of

the bar in every county of the State, and, in many instances, by nearly the entire bar of the county. These petitions are identical in form and language and state as the reason for supporting his petition, that they believe he "has been sufficiently punished for the cause for which he was removed, and that the ends of justice will be met if he is reinstated in said offices." These petitions of the bar, so numerously signed, demand, and have received, the careful consideration of this court. It is to be observed that the petition of Mr. Enright, and the petitions of the bar in support of it, all proceed upon the ground that the judgment of disbarment had for its sole object the punishment of Mr. Enright for the offense found against him, as an attorney, and that the punishment has been sufficiently severe for that single offense. The argument in the petitioner's behalf, by the oldest practicing member of the bar, has proceeded upon that ground alone. We do not doubt but that this court has the power, on a proper cause shown, to set aside the judgment of disbarment. To determine whether a proper cause is shown to set that judgment aside, we must consider the object and purpose of admission to the bar, and the scope and end to be accomplished by a judgment of disbarment. By admission to the bar, the applicant becomes an officer of the court, endowed with certain peculiar privileges which amount to a sacred trust. The oath of office places him under the highest obligation known to the law, among other things, to do no falsehood, nor to consent that any be done in court, that he will act in the office of attorney within the court, according to his best learning and discretion, with all good fidelity, as well to the court as to his client. The ultimate end sought to be accomplished by courts is, *to ascertain the truth in regard to the matter in controversy, and thereon adjudge and award to the parties their respective rights.* By becoming an officer of the court, as well as by his oath of attorney, he binds himself to put forth his best endeavors to accomplish these ends. Hence

the wide scope and clear, searching provisions of his oath. The court is empowered, by rules, to make provisions for admission to the bar, only of such persons, in character and in knowledge, as will help the court in accomplishing the ends for which they are established. Among these rules,— and they would not accomplish the desired ends unless there was such a rule,—is one requiring that all applicants for admission shall establish that they are of good moral character. By his admission, the court endorse the applicant and hold him out as possessing the knowledge and character requisite to render him a worthy member of the bar. The ends to be accomplished through courts and its officers, the attorneys, being the establishment of the truth, in regard to the matter in hand, and the rights of the parties according to such truth, absolutely forbid the use of falsehood and deception in any of the proceedings connected therewith. When an attorney, one of its officers, is charged with unprofessional conduct and the court institutes inquiry in regard to the truth of the charge or charges, it is not mainly for the purpose of punishing him, but to ascertain whether he has violated the trust reposed in him. If the charges are found established and show such misconduct in his office as amounts to a violation of his trust, it then becomes the duty of the court to remove him from the office of an attorney, not primarily as a punishment to him, but as a protection to the court and community. Such is the scope of the judgment rendered in Mr. Enright's case, as found in the 67th Vt. It is not claimed that the misconduct there found established against him is untrue, nor that it did not go to the essence of his right to be an attorney, nor that he was unjustly removed from the office of attorney. The cause set forth, in all these petitions, does not touch the real grounds of the judgment of disbarment then rendered, nor furnish an adequate reason for disturbing it. That judgment establishes a serious impeachment of Mr. Enright's moral character, shown in

his conduct as an attorney. To restore him to the office of an attorney for the reasons set forth in the petition would, in effect, abrogate the rule requiring the applicant for admission as an attorney to establish that he is of good moral character and furnish Mr. Enright an opportunity to repeat the commission of the same offense for which he was disbarred, and of other offenses of like character. If the present was his original application for admission to the bar, he could not be admitted, without more being shown than is contained in these petitions.

In these views all the members of the court concur.

*The petition is dismissed.*