### N. McMULLIN *vs.* J. W. ERWIN.

January Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*False Imprisonment—Damages—Evidence—Argument—Liability of Attorney for Act of Officer.*

There is no practice for dismissing a notice filed with the general issue.

In an action for false imprisonment, based upon the improper arrest of the plaintiff on civil process, it is proper to show, as bearing upon the question of exemplary damages, that there was a legal foundation for the original suit, and also to show the proceedings therein.

A remark in argument, unsupported by evidence, furnishes no ground for exception in favor of a party whose own remark, likewise unsupported, naturally provoked it.

An attorney who entrusts to an officer, for service, a lawful *capias* writ, is not liable for an arrest made by the officer under the writ after it has been altered without the attorney's direction or advice.

Neither does he make himself liable by proceeding with the suit, with knowledge of the facts, after the return of the writ, the arrest not having been made in his interest, nor for his benefit.

TRESPASS for false imprisonment. Plea, the general issue with notice. Trial by jury at the September Term, 1896,

Orleans County, *Ross*, C. J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

The plaintiff moved to dismiss the notice because it contained no matter of defense not provable under the general issue, and did contain immaterial and prejudicial statements of fact. The motion was overruled and the plaintiff excepted.

The plaintiff offered to show that at the justice trial in the original action his counsel notified the defendant that the arrest was illegal and that if he proceeded with the suit he would be sued for false imprisonment; and that the defendant then replied that the suit had been well brought and was all right. This evidence was excluded and the plaintiff excepted. The plaintiff also excepted to the admission of the original note and the record of the proceedings before the justice in the suit thereon.

In argument to the jury the plaintiff's counsel stated that the defendant knew that the affidavit, writ and arrest were illegal and that no reputable lawyer would do as he had done. Of this there was no evidence. In reply to this statement, counsel for the defendant said that it was the practice among the lawyers to make affidavits for the arrest of parties living in Canada, to lodge them with the justices and take out writs, placing them in the hands of officers to be served when the parties came across the line; that he had done it and he had no doubt plaintiff's counsel had done the same. Of this there was no evidence. The court held that the reply, being called out by the statement of plaintiff's counsel, unsupported by testimony, was not improper. The plaintiff excepted.

*A. D. Bates* for the plaintiff.

The court should have admitted the offered evidence as to what occurred before the justice, because it showed that the defendant adopted, approved and availed himself of the benefit of the illegal arrest, which would make him liable. *Mack* v. *Kelsey*, 61 Vt. 399.

The exception to the remark in argument by defendant's counsel should be sustained. *Magoon* v. *B. &. M. R. R.* 67 Vt. 177.    There was no evidence to support this statement, while, it is submitted, notwithstanding the statement of the presiding judge, that there was evidence in support of the statement by plaintiff's counsel in reply to which it was made.

A verdict should have been directed for the plaintiff, for the defendant was responsible for the acts of the officer, having put it in his power to make the arrest.    Moreover it was a continuing trespass,—an imprisonment lasting until the case ended.    V. S. 1714; *Worthen* v. *Prescott*, 60 Vt. 68.

The case shows that the arrest was for the benefit of the defendant to the extent of his interest in fees for which he would have a lien upon the money when collected.    Moreover he had recognized for the costs.    *Gold* v. *Bissell*, 1 Wend. 210; *Fenelon* v. *Butts*, 53 Wis. 344; *Burnap* v. *Marsh*, 13 Ill. 538; *Warfield* v. *Campbell*, 35 Ala. 349.

*John Young* and *C. A. Prouty* for the defendant.

It was proper to show that the suit was brought upon a legal cause of action as bearing upon the question of exemplary damages.    *Meagher* v. *Driscoll*, 99 Mass. 281; *Sutherland* v. *Ingalls*, 63 Mich. 620: 6 Am. St. 332; *Richardson* v. *Emerson*, 3 Wis. 319: 62 Am. Dec. 694.    The same cases show the propriety of admitting the record of the proceedings in that action.

The defendant did not, by conducting the suit as attorney with knowledge of the change in the writ, make himself a trespasser.    The sheriff was not the servant of the attorney nor of the plaintiff in that action, but a public officer. *Dunbar* v. *Boston*, 112 Mass. 75; *Richardson* v. *Emerson*, *supra*.    There was no evidence of an unlawful combination between the attorney and officer, and none was to be presumed.    II Green. Ev. § 641; *Hubbard* v. *Hunt*, 41 Vt. 376; *Hyde* v. *Cooper*, 26 Vt. 552; *Adams* v. *Freeman*, 9 Johns. 117; *Sutherland* v. *Ingalls*, *supra*; *Vail* v. *Lewis*, 4 Johns. 450, note; *Kirkwood* v. *Miller*, 73 Am. Dec. 142, note.

TYLER J.   Action for false imprisonment, plea, general issue and notice.   The plaintiff in the court below waived the counts in case and claimed to recover only in trespass. The defendant is an attorney and as such on March 14, 1892, having received a note against the plaintiff for collection, made a *capias* writ against him, and on March 15th made his affidavit that the plaintiff was about to abscond or remove from this state and filed it with a justice of the peace.   The justice then signed and issued the writ which was made returnable May 2, 1892, and was sent by the defendant by mail to a deputy sheriff to serve and return.   The plaintiff was not in this state March 14th nor 15th, and no service of the writ having been made in its life, the date was afterwards changed to May 14th, and the return day to June 16th.

The plaintiff's evidence tended to show that he was arrested on the writ with the dates thus changed, on May 25th, and gave bail for his appearance.   The officer testified that the dates were changed by the defendant but he was unable to say whether before or after the arrest.

The defendant's evidence tended to show that he did not change the dates 'nor direct them to be changed; that he gave no direction to the officer to serve the writ after the alterations had been made;   that he had no knowledge of any alterations until after the service and return, and that he thought that the officer returned the writ to him either on the day or the day after the service and then told him that his, the officer's, daughter had changed the dates.

The question as to the defendant's liability seems to have depended mainly upon whether he changed or directed the dates to be changed after the writ was issued, and if not, whether he ordered the arrest after the changes were made. These were questions of fact and were decided by the jury. Some exceptions were taken to the rulings and the charge which we will consider.

There is no practice by which the notice could have been

dismissed. The question was as to the sufficiency of the matters therein alleged as a defence. To the argument that the statements in the notice were calculated to mislead the jury it is sufficient to say that it does not appear that the jury read it or heard it read. There is no error in the refusal of the court to dismiss the notice.

The alleged admission of the defendant at the trial in the justice's court was immaterial to the plaintiff. At most it tended to show that the defendant then thought the suit had been properly brought and that he acted in good faith in the matter.

It was proper to admit the original note in evidence under the general issue upon the question of exemplary damages. It showed a cause of action upon which the suit was founded.

It was clearly admissible to show what the proceedings were before the justice, and no objection seems to have been made that this was shown by the files instead of by the record.

The remark of defendant's counsel to which the plaintiff objected seems to have been made in reply to a statement of plaintiff's counsel, and not as a matter in evidence, and was not a ground of exception.

The exception upon which the plaintiff most relies is to the refusal of the court to hold the defendant liable as matter of law upon his own testimony. It appears that he made a lawful *capias* writ and sent it to an officer to serve and return, and that he had no knowledge of alterations in the writ until after the plaintiff had been arrested and given bail and the writ had been returned to the defendant. There is no evidence of a common design between the defendant and the officer to do an unlawful act. The defendant's purpose was lawful, to collect a debt by legal process. The law is well settled by the authorities cited on the defendant's brief that, as the defendant did not aid, advise nor command the commission of the tort, nor have

knowledge of it until after it had been committed, he was not liable.

But the plaintiff insists that, as the defendant proceeded with the suit to judgment after he knew of the. alteration of the writ he thereby became liable on the ground that he approved of the tort and derived benefit from it.    It was held in *Hunter* v. *Burtis & Ellsworth*, 10 Wend. 358, that where an illegal arrest had been made, the attorney who appeared to advocate the cause was not responsible unless he officiously interposed in directing the arrest.    See *Kirkwood* v. *Miller*, 73 Am. Dec. 142, notes, where the general rule is stated that an attorney is not liable for a trespass committed by an officer in overstepping the bounds of his process, or acting in a manner which the writ, if legal, would not justify.

The court below certifies that no claim was made during the trial and argument that the arrest was for the benefit of the defendant and that the court's attention was in no way called to it; therefore no question is before us in respect to benefits derived by the defendant.    He was acting as attorney and not for his own benefit, and the deputy sheriff was not his servant and agent, but a public officer.    We find no error in the trial.

*Judgment affirmed.*