STATE *v.* THOMAS SUITER.

May Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 2, 1906.

*Intoxicating Liquors—Keeping for Illegal Sale—Evidence— Searches on Illegal Warrants—Necessity of Proof of Sales —Sufficiency of Information—Conviction of Several Offences—Improper Remarks of Counsel.*

In a prosecution for keeping intoxicating liquor for sale, without a license, certain articles found on respondent's premises and which

tended to establish his guilt, were admissible in evidence against him, although they were seized and taken by virtue of illegal search warrants.

In a prosecution for keeping intoxicating liquor for sale without a license, officers may testify as to all they saw and found while making illegal searches of respondent's premises.

Evidence examined and *held* that it tended to connect respondent with certain ale, liquor, and other articles found in an apartment of his premises which was occupied by his tenant.

The jury were properly instructed that they might convict the respondent if he controlled said liquor, though said tenant actually owned it.

The crime of keeping intoxicating liquor for sale without a license, may be established without proof of actual sales.

Respondent did not testify, and his counsel said in argument: "The respondent has never committed a crime in his life. If he had there would have been some record of it, and the State could have shown it." In the closing argument the State's Attorney replied: "If the respondent had been put upon the stand, it could have been shown that he had been convicted of many crimes." To which statement respondent excepted. The court held that the statement should be withdrawn, which was immediately done. *Held*, that each remark was unwarranted and improper but that, as the latter was provoked by the former, was promptly dealt with by the court and immediately withdrawn, a reversal was not warranted.

In a prosecution, under No. 90, Acts 1902, for keeping intoxicating liquor for sale without a license, the respondent may be convicted of as many offences as are severally charged by distinct counts in the information.

An information charging respondent with keeping intoxicating liquor for sale without a license, need not allege how the liquor was kept for sale.

The second and third counts of an information charging the keeping of intoxicating liquor for sale without a license, alleged that the liquor was kept for sale at "Hardwick aforesaid," and the first count showed that Hardwick is in Caledonia County. *Held*, on motion in arrest of judgment, that the second and third counts sufficiently show where the liquor was kept for sale.

INFORMATION for keeping and exposing intoxicating liquor for sale, without a license, in violation of No. 90, Acts

1902.  Plea, not guilty.  Trial by jury at the December Term, 1904, Caledonia County, *Tyler,* J., presiding.  Verdict, "guilty of one offence."  Judgment on verdict.  The respondent excepted.

The information is in four counts.  The first count charges that the respondent, on a specified day, "did expose for sale intoxicating liquor," etc.; the second, that, on a day specified, "he did keep for sale intoxicating liquor," etc.; the third, that, on a day specified, he "did keep and expose for sale intoxicating liquor," etc.; and the fourth, that he, on a day specified, "and on divers other days and times between that day and the bringing of this information, did expose and keep for sale intoxicating liquor," etc.  At the close of the evidence the State disclaimed any right to a conviction on the ground of "exposing for sale," and "elected to rely upon the allegations of keeping intoxicating liquor for sale."

After verdict, the respondent moved in arrest of judgment on twelve grounds, most of which are abandoned in the brief.  The third ground was: "For that the information does not allege how and in what manner the respondent exposed said liquor for sale."  The seventh ground was: "Because there is no count in the information which alleges that the respondent kept intoxicating liquor for sale in the State of Vermont."  The respondent also moved to set aside the verdict on five grounds which are sufficiently stated in the opinion.  Both these motions were denied, to which the respondent excepted.

*M. M. Gordon,* and *Harland B. Howe* for the respondent.

The articles seized on the illegal search warrants were improperly received in evidence and any evidence of what the officers saw or found while serving such warrants was inadmissible.  *State* v. *Giles Bacon,* 7 Vt. 219; *State* v. *Con*

*O'Keefe,* 41 Vt. 691; *Com.* v. *Barnard,* 6 Gray 488; *State* v. *Cotton,* 4 Foster (N. H.) 143.

*Frank D. Thompson,* State's Attorney, and *David E. Porter* for the State.

The rule as established by the overwhelming weight of authority is that though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue.     1 Greenl. Ev. § 254a; 3 Wig. Ev. §§ 2183, 2264; *Adams* v. *New York,* 192 U. S. 585; *Legatt* v. *Tollervey,* 14 East 302; *Reg.* v. *Granatelli,* 7 State Trials, N. S. 979, 987; *Reg.* v. *Doyle,* 12 Ont. 350; *Scott* v. *State,* 113 Ala. 64; *Starchman* v. *State,* 62 Ark. 538; *State* v. *Griswold,* 67 Conn. 290, 33 L. R. A. 227; *Williams* v. *State,* 100 Ga. 511, 39 L. R. A. 269; *Siebert* v. *People,* 143 Ill. 571; *Com.* v. *Dana,* 2 Met. 329; *Com.* v. *Tibbets,* 157 Mass. 519; *Com.* v. *Hurley,* 158 Mass. 159; *State* v. *Pomeroy,* 130 Mo. 489; *State* v. *Flynn,* 36 N. H. 64; *State* v. *McDaniel,* 39 Or. 161; *People* v. *Adams,* 176 N. Y. 351, 63 L. R. A. 406; *State* v. *Atkinson,* 40 So. Car. 363, 42 Am. St. Rep. 877; *State* v. *Nordstrom,* 7 Wash. 506; *State* v. *Edwards,* 51 W. Va. 220, 59 L. R. A. 465; *Boyd* v. *U. S.,* 116 U. S. 616; *Spaulding* v. *Preston,* 21 Vt. 9; *State* v. *Wade,* 63 Vt. 80; *State* v. *Burroughs,* 72 Me. 479; *Com.* v. *Henderson,* 140 Mass. 303; *State* v. *O'Connor,* 3 Kan. App. 594.

By the production in evidence of the articles seized on illegal search warrants, respondent was not compelled to give evidence against himself.   He was not compelled to testify about these articles.   *Gindrat* v. *People,* 138 Ill. 103.

The information sufficiently sets forth the crime charged. *State* v. *Clark,* 44 Vt. 636; *State* v. *Cook,* 38 Vt. 437; *State* v. *Jones,* 33 Vt. 43; *State* v. *Hodgson,* 66 Vt. 134; *Com.* v. *Dana,* 2 Met. 329, 341.

POWERS, J.   The respondent is charged by information with keeping intoxicating liquor for sale contrary to law. The State's evidence tended to show that certain police officers on four different occasions searched the respondent's premises in Hardwick for intoxicating liquor under the authority of certain search warrants issued therefor; that they found on one occasion, in a cellar occupied by one Hall as respondent's tenant adjacent to the respondent's pool room and separated therefrom by a board partition, a barrel partially filled with ale; that the barrel had a faucet in it and stood upon a box a little above and about a foot from a hole in said partition big enough to admit a man's hand; that the barrel was so placed that the faucet faced this hole, which opened into the space enclosed by a counter or bar in the respondent's pool room; that this bar was supplied with glasses, some of which were described as whiskey glasses; that on one of these searches a large quantity of liquors of various kinds was found in a trunk in the tenement over the pool room, which tenement was occupied by Hall as aforesaid; that on another occasion two or three bottles of liquor were found in the dining room of the tenement; that a large number of empty bottles were found on the place, and an empty whiskey keg in the barn; that a piece of rubber hose was found in Hall's part which the State claimed was used to draw ale from the barrel mentioned; that drunken men were seen in and about the respondent's place on different occasions.

The faucet, rubber hose, and liquor found were brought away and produced and used as exhibits at the trial. The

policemen were allowed to testify fully as to all they saw and found while making the searches. The respondent seasonably objected to the testimony of these policemen and specified six grounds of exception thereto, all based upon the alleged illegality of such searches and of the warrants under which they were made. The evidence was properly received, for the legality of the searches or the warrants was not involved. *State v. Krinski,* 78 Vt. 162, 62 Atl. 37; *State v. Barr,* 78 Vt. 97, 62 Atl. 43.

The respondent excepted to the admission of the faucet, hose and liquor, and the evidence relative to the drunken men, but this is all within the holding in the Krinski case, and for the reasons there stated properly admitted. *State v. Gagne,* (Mass.) 10 L. R. A. 442. It was further objected that all evidence relative to the ale, liquor, faucet, and rubber hose was inadmissible because these things were all found on Hall's premises and not on the respondent's, and that there was no evidence tending to connect the respondent with them; and on this question we are referred to the record. Turning to the record, we find the evidence said to be lacking. For the facts that the respondent rented the whole building and then sublet a part to Hall; that he and Hall recently moved to Hardwick together, went and looked over this building together before it was rented, were constantly together on the streets and in the public places of the village; the facts that the barrel of ale was placed so as to face the wall instead of the cellar room, with the faucet within easy reach of the hole in the wall behind the bar, with the hose handy by; the quantity and variety of the liquors found up stairs; the whiskey glasses, the empty bottles, and other facts revealed by the record, when taken together, had a strong tendency to convince the practical mind that the whole arrangement was a device to shield the

respondent and enable him to carry on the unlawful traffic in safety.

At the close of the State's evidence and again at the close of all the evidence, the respondent moved for a verdict of acquittal on six separate grounds. Five of these raise the same questions in different form which have already been disposed of. The other was "because there is no evidence tending to show that the respondent ever sold or was a dealer in intoxicating liquor." It was quite unnecessary to make such proof. The offence charged was keeping for sale, and that offence is made out without proof of actual sales.

The respondent did not testify; and his counsel said in argument: "The respondent has never committed a crime in his life. If he had there would have been some record of it, and the State could have shown it." In the closing argument, the State's Attorney replied: "If the respondent had been put upon the stand it could have been shown that he had been convicted of many crimes." To which statement the respondent excepted. The court promptly held that the statement should be withdrawn, and the State's Attorney immediately withdrew it. Both remarks were unwarranted and improper, but the one complained of was provoked by the other, was promptly dealt with by the court, immediately withdrawn, and does not call for a reversal. *McMullen* v. *Erwin*, 69 Vt. 338; *State* v. *Young*, 74 Vt. 478; *Kilpatrick* v. *Railway Co.*, 74 Vt. 288.

The respondent seasonably presented six requests to charge, and excepted to the court's failure to charge in accordance therewith. An examination of the charge reveals the fact that they were all sufficiently complied with;—not in the exact language of the requests, but in terms which left no just reason for complaint.

Seventeen exceptions were taken to the charge as given. It is unnecessary to take these up one by one, as most of them

are abandoned in the respondent's brief, and the only claims which he now makes are these: That the charge was too vague and uncertain,—and this is refuted by the record; that the court failed to call attention to the question of reasonable doubt,—and the record shows otherwise; that the court submitted certain matters to the jury,—and this only involves the admissibility of the evidence already passed upon; that the court instructed the jury that they might find the respondent guilty of two offences,—and this was correct,—*State* v. *Darling,* 77 Vt. 67, though the verdict was for only one; that the jury were instructed that they might convict if the respondent controlled the liquor, though Hall actually owned it,—and this too was correct.

The respondent moved in arrest of judgment on seven grounds. Most of these are abandoned in the brief, and the only one requiring notice is that the information does not allege how or where the liquor was kept for sale. It was not necessary to allege how it was kept for sale. The description of the offence was complete without specifying the particular manner in which it was kept for sale. *State* v. *Paige,* 78 Vt. 286. The second and third counts allege that the liquor was kept for sale at "Hardwick, aforesaid"; and by reference to the first count, we learn that Hardwick is in Caledonia County, —which is sufficient.

The respondent also moved to set aside the verdict on five different grounds. These all relate to and challenge the sufficiency of the evidence to connect the respondent with the liquor found, and have been hereinbefore disposed of.

*Judgment that there is no error, and that the respondent take nothing by his exceptions. Let execution be done.*