## STATE v. CHARLES DEYO.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 9, 1911.

*Intoxicating Liquors—Illegal Transportation—Evidence—Sufficiency.*

In a prosecution under P. S. 5206 for illegally transporting intoxicating liquor, evidence that, on the day on which respondent transported intoxicating liquor from another state to his home town in this State, which was taken from him by officers before he reached his home, a person who boarded at the boarding house kept by respondent's wife, and where respondent lived, was arrested for illegally selling intoxicating liquor, and on the next day was convicted thereof, with nothing more to connect respondent and the boarder, had no tendency to establish respondent's guilt.

A conviction under P. S. 5206 for illegally transporting intoxicating liquor is not warranted by evidence merely that respondent had bought of a licensed dealer out of this State, and in a suit case brought to his home town in this State, twelve pints of whiskey and two of beer, and was accompanied by his son who had the same quantity of whiskey.

INFORMATION for illegally transporting intoxicating liquor. Plea, not guilty. Trial by jury at the April Term, 1910, Windham County, *Miles* J., presiding. Verdict, guilty and judgment thereon. The respondent excepted. The opinion states the case.

*Chase & Daley* for the respondent.

*Charles H. Williams,* State's Attorney, for the State.

POWERS, J. The respondent was convicted under P. S. 5206 of illegally transporting intoxicating liquor. He lived at Brattleboro, and on November 29, 1909, he and his son, Albert, went to Erving, Mass., where the respondent purchased of a licensed dealer twelve pint bottles of whiskey and two bottles

of beer, which he packed in a suit case and returned with by train to Brattleboro. Albert also bought twelve pints of whiskey which he brought back to Brattleboro in another suit case. The two left the cars together, and while passing along the streets of Brattleboro to the respondent's home where they lived, they were arrested and their liquor seized. It appeared that the wife of the respondent kept a boarding house, that Albert lived there and that among those who roomed and boarded there was one John Dupont. Subject to the respondent's exception, the State was allowed to show that this man Dupont was, on said 29th, arrested for illegal selling, and that on the next day he was convicted thereof on a plea of guilty. There was nothing in the case tending to show that the liquor sold by Dupont was any that the respondent ever had anything to do with, or that it was kept or sold at the respondent's place, or that there were any relations between Dupont and the respondent other than those above stated. With nothing to connect Dupont and the respondent except the fact that one boarded at the other's house, Dupont's arrest and conviction had no tendency to establish the respondent's guilt, and the admission of evidence thereof was error. The case is clearly distinguishable from *State* v. *Suitor*, 78 Vt. 391, 63 Atl. 182.

Without this evidence, the case against the respondent stood solely on the fact that he had in his suit case twelve pint bottles of liquor and two of beer obtained as stated and was accompanied by his son who had the same quantity of liquor. Was this sufficient to sustain a conviction? Were these facts, standing alone, legally sufficient to establish beyond a reasonable doubt the fact that the respondent knew or had reason to believe that the liquor was to be unlawfully kept, sold, or furnished? We think not. Some liberality is indulged in these cases in the matter of circumstantial evidence of criminal knowledge and intent, but we know of no case which has yet gone far enough to sustain this conviction. To be sure the quantity of the liquor involved is often a circumstance to be considered, and if there was something by way of incriminating evidence for it to corroborate or some fact of doubtful significance for it to characterize, it might in this case sustain a con-

viction. But as the case stood, the respondent's motion for a verdict of acquittal should have been granted.

*Judgment reversed and respondent discharged*