STATE *v.* JOSEPH LEGENDRE.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 15, 1915.

*Intoxicating Liquors—Evidence—Sale by Agent—Proof of Agency—Presumption—Question for Jury—Instructions—Illustrations.*

The authority of an agent may be by parol, and inferred from the circumstances, may be presumed 'from the conduct of the parties, ·and may be implied from a single transaction.

In a prosecution for the unlawful sale of intoxicating liquor, evidence *held* to make respondent's sale by agent a question for the jury.

In a prosecution for the unlawful sale of intoxicating liquor, evidence of the finding of whiskey and empty whiskey bottles in respond-

ent's barber shop by officers, in a search made thirteen days after the alleged unlawful sale, was admissible as tending to show that intoxicating liquor had been kept there for illegal sale, and that respondent was the owner of the liquor for the alleged unlawful sale of which he was being prosecuted.

In a prosecution for the unlawful sale of intoxicating liquor, where before argument the court told counsel that it should instruct that, if the liquor produced in evidence had been found in respondent's possession, and if liquor had been sold at respondent's place of business, that would be evidence that respondent made the sale charged, and where respondent's attorney in argument stated that there was no evidence that respondent owned the liquor sold, that one had a right to have liquor in his house or store, and that it would be no evidence of sale, it was not error for the court in its charge to say that, if liquor was kept in the office of respondent's attorney, and if some one was found selling liquor therein, it would be considered on the question of whether such attorney had been selling liquor.

INFORMATION charging the unlawful sale and furnishing of intoxicating liquor. Plea, not guilty. Trial by jury at the June Term, 1915, Caledonia County, *Miles,* J., presiding. Verdict, guilty, and judgment and sentence thereon. The respondent excepted. The opinion states the case.

*Porter, Witters & Harvey,* and *Simonds, Searles & Graves* for the respondent.

*N. A. Norton,* State's Attorney for the State.

WATSON, J. The respondent was found guilty of unlawfully selling and furnishing intoxicating liquor. At the close of the evidence, he moved for a directed verdict on the ground, first, (and this is said in respondent's brief to embrace generally all other grounds specifically stated,) that there is no evidence which warrants the submission of the case to the jury. To the overruling of the motion, an exception was saved.

It appeared that the respondent is a barber, and has a barber's shop in the village of St. Johnsbury; that this shop consists of two rooms, one of them a small room to enter which one must go through a door from the large room in which the

general work of the shop is done; that in the small room, is a cupboard and a closet. George Donahue, a witness called by the State, testified that in the forenoon of the next day after Christmas in 1914, he went into respondent's barber shop to get something to drink, and there got a pint of whiskey, the witness continuing, ''I went into that little room there and a fellow was there and I asked him if he couldn't scare up a pint and he said he guessed so, and I paid him and he went into the closet and got it''; that he paid the fellow seventy-five cents for it; that the witness did not know who the fellow was, of whom he got the whiskey, but testified that it was not the respondent. It further appeared that on the 8th day of January, thirteen days after the time of the sale in question, the chief of police searched the respondent's barber shop, and found there in the cupboard in the small room six pints of whiskey and five or six empty bottles having the same labels on them as were on the bottles containing the whiskey, which whiskey and empty bottles were produced in court and made exhibits in the case; that when this search was made, the respondent was present, also one other man whose name the policeman did not know, but the officer testified that he did not know whether the liquor found belonged to the respondent or to some one else. There was no evidence tending to show that anyone had any rights in the rooms included in the barber shop, other than the respondent.

No contention is made but that the evidence was sufficient to go to the jury on the question of a sale or furnishing of intoxicating liquor without authority; but it is said that there was no evidence fairly tending to show that the selling or furnishing was by the respondent or by his agent. The position of the State is, that the sale was by the agent or servant of the respondent, and that the latter is criminally responsible in law therefor. It remains to be considered, therefore, whether there was evidence warranting the court in submitting the case to the jury on the question of such agency.

The authority of an agent may be by parol and collected from the circumstances. *Martin* v. *Webb,* 110 U. S. 7, 28 L. ed. 49, 3 Sup. Ct. 428; *Lindquist* v. *Dickson,* 98 Minn. 369, 107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024. Agency may be presumed from the conduct of the parties. *Uniontown Grocery Co.* v. *Dawson,* 68 W. Va. 332, 69 S. E. 845, Ann. Cas. 1912 B, 148. The authority of an agent or servant may be im-

plied from a single transaction.   Story on Agency, 7th ed. 959;
*Aga* v. *Harbach,* 127 Iowa, 144, 102 N. W. 833, 109 Am. St. Rep.
377, 4 Ann. Cas. 441.   Agency need not be proved as an inde-
pendent fact, but it may be inferred from a variety of facts;
and although the testimony as to the fact of agency may not
be full and satisfactory, yet if it fairly tends to prove the ex-
istence of that relation, it should be submitted to the jury.
*Darrin* v. *Whittingham,* 107 Md. 46, 68 Atl. 269; *Loudon Sav-
ings Fund Soc.* v. *Hagerstown Savings Bank,* 36 Penn. St. 498,
78 Am. Dec. 390.

The jury might reasonably find from the evidence that the
respondent had the sole control and management of the barber
shop in question, his place of business, before, at the time of,
and subsequent to the unlawful sale proved.   And from the
fact that the liquor was sold in the small room which was a part
of his place of business, and was taken from the closet in that
room for the purpose of such sale, from the fact that the person
to whom the sale was made, to go into the small room, had to
go, and did go, through the large room of the barber shop, where
the general work of the shop was done, and could get out only by
going back the same way, from the fact that within two weeks
afterwards, on search being made by officers of the law, six
pints of whiskey, and five or six empty pint bottles having the
same labels on them as were on the bottles containing the whiskey,
were found in the cupboard in the room where the sale in ques-
tion was made, and from the fact that the respondent was present
during the time of this search, it might fairly and reasonably
be inferred that he was the owner of the liquor, for the unlawful
sale of which he is now being prosecuted, (*State* v. *Suiter,* 78
Vt. 391, 63 Atl. 182,) and that the sale was in fact by his agent
or servant, with such assent and concurrence therein by him as
to make him morally and legally responsible for the act.   It
follows that the evidence was such as to justify the submission
of the case to the jury on the question of agency, and on that
of the guilt of the respondent.   1 Bish. Crim. L. Sec. 631; Bish.
Stat. Crimes, Sec. 1024; *State* v. *Dow,* 21 Vt. 484; *Common-
wealth* v. *Nichols,* 10 Met. 259, 43 Am. Dec. 432; *Commonwealth*
v. *Park,* 1 Gray, 553; *State* v. *Caswell,* 2 Humph. 399; *Thomp-
son* v. *State,* 5 Humph. 138; *Commonwealth* v. *Major,* 6 Dana,
293; *Schmidt* v. *State,* 14 Mo. 137; *State* v. *Pigg,* 78 Kan. 618;
97 Pac. 859, 19 L. R. A. (N. S.) 848, 130 Am. St. Rep. 387;
34

*Commonwealth* v. *Holmes,* 119 Mass. 195. The motion for a verdict was properly overruled.

It is urged that the evidence of the search made in respondent's barber shop, by the officers of the law, thirteen days after the alleged unlawful sale, and of the whiskey and empty bottles then found there, was improperly received, as it had no tendency to show a sale by him on the day in question. But we think this evidence tended to show that intoxicating liquor had been kept there for the purpose of illegal traffic, and to connect the respondent in ownership with the whiskey sold to Donahue at the time alleged. *State* v. *Suiter,* cited above. To receive the evidence was not error. See *Commonwealth* v. *Van Stone,* 97 Mass. 548.

Before the arguments of counsel began, the court informed them that it should hold that if the jury found that the liquor produced in court was found in the possession of the respondent, and also found that liquor had been sold in respondent's place of business, it would be evidence which the jury might consider as tending to show that he had to do with the sale charged in this case, and that it might be considered upon that subject. But notwithstanding this information by the court, one of the attorneys for the respondent, in his argument to the jury, stated that there was no evidence in the case tending to prove that the respondent was the owner of the liquor produced in court, or the liquor sold, and that there was no evidence in the case tending to show that he had anything to do with it; and argued that such was the law, saying to the jury that they had a perfect right to have a barrel of liquor in their store or in their house, and that it would be no evidence of sale. In its charge, the court instructed the jury substantially in accordance with the aforementioned information given by it to counsel, and in connection therewith said to the jury, "As has been argued to you, he (respondent) had the right to keep such a quantity of liquor on his premises and that fact alone would not make him liable, and as was argued, brother — could keep a barrel, as he argued, in his office, and that alone would not make him liable for the sale of liquor. But if some one was found to be selling liquor in brother — office, and that quantity of liquor, it is a circumstance that you might consider in finding the question of whether he had been selling intoxicating liquor,—and it applies just precisely so in this case." Respondent excepted to what the

court said relating to some one being found selling liquor in brother — office, etc., and reliance is placed upon this exception.

The information mentioned was very properly given by the court to the counsel before arguments. By it counsel understood what the holding of the court was to be in respect to an important question of evidence in the case, and the rule of conduct, that an attorney shall act in the office of attorney within the court, according to his best learning and discretion, with all good fidelity as well to the court as to his client, (*In re Enright*, 67 Vt. 351, 31 Atl. 786,) required that they act accordingly. If the court was thought to be wrong in regard to the law in such respect, the proper and professional way was to except to the ruling when made, whether it be in the charge or otherwise. Thereby all rights would have been saved in the usual manner under our practice. In view of the circumstances, we can not say it was error for the court to explain to the jury the bearing of the evidence by such an illustration, leaving as it did the final determination of the facts to the jury. It was the duty of the court to state to the jury the general principles of law governing the case, and in so doing it was at liberty to illustrate them in a proper manner, sufficiently to enable the jury to understand their application. *Whitcomb* v. *Fairlee,* 43 Vt. 671; *Quinn* v. *Halbert,* 52 Vt. 353.

Respondent claims error in the charge as stated in exceptions 19 to 32, inclusive, but only the 29th, which we have just considered, is particularly pointed out and discussed in his brief. Other than the one last mentioned, these exceptions are not sufficiently briefed to receive consideration. *Davenport* v. *Davenport,* 80 Vt. 400, 68 Atl. 49; *Carleton* v. *E. & T. Fairbanks & Co.,* 88 Vt. 537, 93 Atl. 462.

*Judgment that there is no error in the proceedings, and that respondent take nothing by his exceptions. Let execution be done.*