## STATE v. SAM LIPMAN.[1]

June 12, 1925.

No. 24,689.

**Evidence admissible.**

    1. In a prosecution for the unlawful sale of intoxicating liquor, evidence of a search and the finding of liquor on the premises occupied by the accused, 20 days after the alleged unlawful sale, is not too remote.

**Conviction for sale of intoxicating liquor sustained.**

    2. The verdict was justified by the evidence.

    1. See Intoxicating Liquors, 33 C. J. p. 752, § 492.
    2. See Intoxicating Liquors, 33 C. J. p. 764, § 510.

Defendant was charged in the municipal court of Minneapolis with sale and possession of intoxicating liquor, tried and convicted before Nordbye, J. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Jay W. Smith* and *T. M. Thompson*, for appellant.

*Neil M. Cronin*, City Attorney, and *Arthur P. Jensen*, Assistant City Attorney, for respondent.

QUINN, J.

Appellant was charged with selling intoxicating liquor in Hennepin county, on August 27, 1924. He was tried, convicted and sentenced to prison for 90 days. From an order denying his motion for a new trial, he appealed.

The place known as 1025 Third street north, in the city of Minneapolis, has been occupied as a junk yard for a number of years. It is fenced in and there is an office building on the lot. For 6 or 7 months prior to October 1, 1924, defendant had been working at the yard. He formerly ran the business on his own account. At the trial, Albert Kappello was called by the prosecution and testi-

[1]Reported in 204 N. W. 163.

fied in effect that on August 27, 1924, he went to the yard, found the defendant in the office with his daughter; that, after some conversation, he asked the defendant to come outside; that he then asked the defendant if he didn't have a bottle; that the defendant said, yes, he had got a lot of empty ones; that witness then told him he did not want an empty one, that he wanted a full one; that defendant then said to him, go into the office and I will bring it in to you; that he then went in and, shortly thereafter, defendant came in with a bottle of moonshine, for which witness paid him one dollar, and took the bottle.

The defendant testified that he sold the complaining witness several bottles on the day in question, but that they were all empty; that he received a one dollar bill and gave him 20 cents back; that the complaining witness carried the bottles away with him, and that there were two other men with him. Defendant further testified that his son-in-law ran the junk iron business and had for about 6 months; that he worked for him, but that he never handled any liquor at all while working for his son-in-law.

It appears that two officers accompanied the complaining witness to the corner where the junk iron is kept; that they took the number of a dollar bill which they had, then gave the bill to the witness; that the witness had no bottle with him when he went into the junk yard; that they remained back out of sight; that the witness returned shortly, bringing with him a bottle of moonshine, for which he claimed to have given the dollar bill; that they then went and arrested the defendant and took from him the same one dollar bill.

The defendant was still working at the place on September 17 following. The prosecution offered proof to the effect that police officers searched the premises and found, hidden away in a woodpile, 4 pint and 6 half-pint bottles of moonshine. The evidence was received under objection. The mere fact that the liquor was illegally in the possession of the defendant does not render proof of the fact inadmissible. It was relevant and admissible as showing a supply of liquor within defendant's reach, affording him the means of committing the crime. The proof was admissible as corroborative of the testimony as to the illegal sale charged in the complaint.

People v. Petrovich, 67 Cal. App. 405, 227 Pac. 979; 33 C. J. 752; State v. Legendre, 89 Vt. 526, 96 Atl. 9; State v. Clark, 155 Minn. 117, 192 N. W. 737. In a prosecution for the unlawful sale of intoxicating liquor, evidence of a search of the premises occupied by the accused, made by officers of the law 20 days subsequent to the alleged unlawful sale, and the finding of intoxicating liquor stored away in the wood-pile, is not too remote and is admissible. The verdict was justified by the evidence.

Affirmed.