## STATE *versus* HARTWELL *&* als.

On charge of an offence, the punishment of which is beyond the jurisdiction of a justice of the peace, he may, on proofs which satisfy him that the offence has been committed and that there is probable cause for believing the accused to be guilty, require the accused to recognize, with sureties, for his appearance before a court of higher jurisdiction.

In such case, the recognizance must exhibit so much in relation to the imputed offence, as to show authority in the justice to require it.

Thus, it must show that *the offence had been committed*, and that there is *probable cause for believing the accused to be guilty of it.*

A recognizance is void, if it show merely that "*there is good cause to suspect*" the accused to be guilty.

There is no presumption in favor of the jurisdiction of a justice of the peace.

ON DEMURRER.

SCIRE FACIAS upon a recognizance taken before a justice of the peace. Oyer was asked, and the recognizance was

read.    The condition of it was, that, "whereas the said Samuel Hartwell, the principal defendant, has been brought before the subscriber, one of the justices of the peace in and for the county of Somerset, by virtue of a warrant duly issued upon the complaint on oath of William McLellan, charging the said Samuel Hartwell with having committed the crime of larceny, and upon examination of the facts relating to said charge, it appearing to me that there is good cause to suspect the said Samuel Hartwell to be guilty of said offence ; and the said offence not being cognizable· by me and he thereupon having been required to recognize with sufficient sureties for his personal appearance at the next District Court for the Middle District, to be held within and for said county of Somerset, on the first Tuesday of May next, and for his keep-·ing the peace and being of good behavior until the sitting of said Court.    Now, therefore, if the said Samuel Hartwell shall personally appear at the Court aforesaid and answer to such matters and things as may be objected against him, and more especially to the charge contained in said complaint, and shall abide the order and judgment of said Court and not depart without license, and shall in the meantime keep the peace and be of good behavior, then this recognizance shall be void, otherwise remain in full force and virtue.

                                "M. L. Justice of the Peace."

Whereupon the defendant demurred, and specified the following causes of demurrer : —

1. It is not shown that the justice, who took the recognizance, had any jurisdiction of the offence charged against Hartwell, or had any legal right to require or take the recognizance.

2. The justice did not find or adjudicate that any offence had been committed.

3. The justice did not find or adjudicate that there was probable cause to believe that Hartwell had been guilty of the offence charged.

4. It does not appear that the offence charged was not within the final jurisdiction of the justice.

State *v.* Hartwell.

5. It does not appear that the justice conducted the examination or took the recognizance within the county of Somerset.

6. The conditions of the recognizance were unauthorized by law.

7. The recognizance was entered into by said Hartwell under duress.

There was a joinder in demurrer.

*J. S. Abbot,* in support of the demurrer.

*Evans,* Att'y General, and *Stewart,* County Att'y, *contra.*

RICE, J. — It is necessary that the jurisdiction of justices of the peace should appear in their proceedings in order to sustain them. *State* v. *Magrath,* 31 Maine, 469. As the jurisdiction of justices of the peace is given and limited by particular statutes only, and nothing can be presumed in favor of such jurisdiction, the recognizance should contain a recital of so much of the cause as would show that it was embraced within the justice's cognizance. *Libbey* v. *Main & al.* 2 Fairf. 344.

To authorize a magistrate to require an accused person to give bail for his appearance to answer before a court of superior jurisdiction, for an alleged offence, the punishment for which is beyond the jurisdiction of such magistrate, it is necessary that it should appear that an offence has been committed, and that there is probable cause to believe the prisoner to be guilty. R. S. c. 171, § 17.

Until these facts are made to appear on an examination before a magistrate, on process issued in due form of law, there is no authority on the part of the magistrate to require bail.

In the case at bar, the recognizance, which is set out in full in the pleadings, recites " that whereas the said Samuel Hartwell has been brought before me, &c., by virtue of a warrant duly issued upon complaint on oath of William McLellan, charging the said Hartwell with having committed the crime of larceny, and upon examination of the facts relating to said charge, it appearing to me that there is good cause to suspect the said Hartwell to be guilty of the offence," &c.

The magistrate did not find that the crime of larceny *had been committed,* either within his jurisdiction or elsewhere. Nor did he find that there was probable cause *to believe* the prisoner guilty. He only found, so far as appears by his record, that there was " good cause *to suspect*" the said Hartwell to be guilty of said offence.

This was not sufficient to authorize the magistrate to require bail. There are several other alleged defects in the recognizance, but as those already noticed are fatal it is unnecessary to examine them.

The judgment must be that the State take nothing by the writ. The defendants are entitled to costs.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.