COMMONWEALTH *vs.* JAMES E. CONNOR.

Essex.   November 4, 1891. — December 7, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*District Court — Special Justice — Jurisdiction — Record.*

The record of a district court disclosed a complaint addressed to the "justice" thereof, and purporting to be "received" by the "court," with the jurat signed by a "special justice" thereof, and a warrant and summons bearing the seal of the court, the summons setting forth that the complaint was made before the "court"; but the record did not state that the court was not in session when the complaint was received, or that any fact existed which gave the special justice authority to act. A motion to quash, alleging that the record contained no such statement, and concluding, "and so it does not appear that said complaint was received, the warrant and summons issued, or any proceedings had before any magistrate having authority or jurisdiction," was renewed by the defendant on appeal in the Superior Court and overruled, and no amendment of the record was there offered. *Held*, that the record showed that the complaint was received when the court was in session, and, no reason appearing for the special justice's acting, the motion should have been allowed; and that a conviction had in the Superior Court could not be sustained.

COMPLAINT for keeping intoxicating liquors with intent unlawfully to sell the same. In the Superior ·Court, on appeal, *Hammond*, J. overruled a motion to quash the complaint; and the defendant, after a verdict of guilty, appealed to this court. The facts appear in the opinion.

*H. P. Moulton & H. I. Bartlett*, for the defendant.

*A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

BARKER, J.   The complaint, addressed "to the Justice of the Second District Court of Essex," purports to have been "received and sworn to . . . before said court." The jurat is signed "William Smeath, Special Justice of said Court." The warrant annexed to the complaint bears the seal of the court, and not the personal seal of William Smeath. The summons recites that complaint has been made "before our Second District Court of Essex," and also bears the seal of the court. The defendant moved in that court to quash the complaint, because it did not appear that when the complaint was received and summons issued the justice of the court was sick, interested, absent, or

otherwise disabled, or had requested the special justice to sit or act, or that the office of justice was vacant, the motion concluding with the argumentative allegation, "and so it does not appear that said complaint was received, the warrant and summons issued, or any proceedings had before any magistrate having authority or jurisdiction." This motion must have called the attention of the district court to the objection urged against its jurisdiction, but no statement was inserted in the record to the effect that the court was not in session when the complaint was received, or that any fact existed which gave the special justice authority to hold a session of the court. The motion was renewed in the Superior Court, and no amendment of the record was there offered. From this we feel bound to infer that the complaint was received and the warrant and summons issued when the court was in session.

The authority of the special justice to receive complaints and issue warrants must be derived either from the statute, which provides that he may do so "when the court is not in session," (St. 1888, c. 193, Pub. Sts. c. 154, § 22,) or from his power to hold a session of the court. The latter power exists only under special circumstances pointed out in the statutes, (Pub. Sts. c. 154, § 25,) and which must be stated on the record. *Commonwealth* v. *Fay*, 151 Mass. 380.

The motion does not allege that the court was in session when the complaint was received; but as by our construction that fact appears from the record, and as the motion does allege that the record contains no statement showing that the court had authority to act when in session and held by a special justice, we think it sufficiently pointed out a jurisdictional defect, and should have been allowed.

*Complaint dismissed.*