## Whitaker v. Commonwealth.

(Decided January 16, 1923.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Search Without Warrant—Limitation Upon Right to Complain.—The right to demand immunity from a search of one's person, premises or other property at the hands of a peace officer, in the absence of his possession of a search warrant authorizing it, is one personal to him and which he alone can exercise. Therefore, the fact that evidence, such as his possession of intoxicating liquors, is illegally obtained by a search to which his person or property is subjected without a search warrant, would, if objected to by him, be incompetent as evidence against him in a prosecution for unlawfully transporting the liquor or having it in his possession for sale, would not render it incompetent as to another person indicted and on trial for having sold it to him, as such other person would have no legal right to complain of such search.

2. Criminal Law—Misdemeanor—Evidence.—Conviction of one charged with a crime or misdemeanor may be had upon circumstantial evidence alone, when it is of such consistency and force as to reasonably exclude every hypothesis of the defendant's innocence.

WM. DINGUS, A. T. PATRICK and B. M. JAMES for appellant.

CHAS I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Willie Whitaker, was arrested by virtue of a warrant issued by the county judge of Floyd county charging him with the offense of selling spirituous liquor, not for sacramental, medicinal, scientific or mechanical purposes. On his trial for the offense in the court of the county judge, he was found guilty by verdict of a jury and his punishment fixed at a fine of $300.00 and confinement of 60 days in jail. He appealed from the judgment on that verdict to the Floyd circuit court and his trial in the latter court resulted in a verdict of the

jury again finding him guilty, and inflicting the same punishment awarded on the previous trial; and from the judgment entered on the last verdict he has appealed to this court.

We find from the testimony of Sam England, the Commonwealth's chief witness, that at six o'clock A. M. July 29, 1922, the appellant and one Jim Sheppard came to his residence on Stephens branch in Floyd county and Sheppard, in the immediate presence of appellant, at once proposed to sell him (England) some whiskey which he and the appellant did not have with them, but would conduct him to for the purpose of effecting its proposed sale to England. When asked by the latter the price he put upon the whiskey, Sheppard said he would want $10.00 per gallon for it. Thereupon England and Nelse Hale, who about that time arrived at England's home, started with Sheppard and appellant for the place where the former said the whiskey was located, and under the guidance of Sheppard and appellant were led by them to a point on Canady branch, near the residence of appellant's brother-in-law, and then to the side of a nearby hill where the whiskey was concealed. England purchased two gallons and three quarts of the whiskey at the agreed total price of $27.50, which he then paid by handing Sheppard $7.50 in money and giving his check for the remaining $20.00, which, by direction of Sheppard, he made payable to the appellant. After paying for and receiving the whiskey England, assisted by Hale in carrying it, left afoot with it for his home, but upon getting about 200 yards from where it was obtained he and Hale were met by Clark, a peace officer, who discovering their possession of the whiskey, placed them under arrest; and acting upon their information of its purchase from Sheppard and appellant, proceeded at once to where the latter were still in view and also arrested them.

When arrested appellant and Sheppard were upon their horses, as if preparing to leave, and each of them in possession of a pair of saddle pockets. The appellant's residence is in Magoffin county and when arrested he was twelve miles from his home. Sheppard's place of residence is not shown by the evidence. England's testimony is substantially corroborated by that of Hale, though the latter was evidently reluctant to testify against the appellant; and, also, by that of Clark from the time he appeared on the scene of action. Although it was not expressly so stated by either England or Hale it is fairly

apparent from the statement of each of them that they were sharers in the purchase of the whiskey, but in what proportion the evidence does not disclose.

It is urged by the appellant as grounds for the reversal of the judgment appealed from, that the trial court erred to the prejudice of his substantial rights, first, in admitting, over his objection, incompetent evidence; second, in refusing, on the appellant's motion made at the conclusion of the evidence, to direct the jury by an instruction to that effect, to return in his behalf a verdict of "not guilty."

The evidence claimed by the appellant to be incompetent consisted of a statement of the officer, Clark, to the effect that he made, without a search warrant, some sort of search of the persons of England and Hale upon meeting them following their purchase of the whiskey appellant was charged with selling. Neither England nor Hale testified that they were searched by Clark and the testimony of Clark was quite indefinite in regard to the nature and extent of such search, but reasonably definite as to the fact that it was not made until after his discovery of the whiskey which England and Hale were carrying exposed to view, and also after his arrest of them for having the exposed whiskey in their possession. It seems clear, therefore, that whatever search was made by Clark must have been of the clothing of England and Hale to ascertain whether they had, in addition to the whiskey exposed to view, any concealed about their persons. In such state of case the officer's possession of a search warrant was unnecessary. We, however, fail to see how such search of England and Hale, if made as claimed by appellant, can be complained of by him. The right to demand immunity from search at the hands of the officer, in the absence of his possession of a search warrant authorizing it, was one personal to them and which they alone could exercise; and the fact that evidence obtained by an illegal search to which they were subjected would, if objected to, have been incompetent as against them in a prosecution for having the whiskey in their possession, would not render it incompetent as to the appellant, charged with the offense of its sale to them, as he had no legal right to object to a search of their persons or property without a search warrant.

The trial court did not, therefore, err in permitting Clark to testify in regard to his discovery of the whiskey in the possession of England and Hale, or the manner

of his making the discovery, though it may have been effected in part, or altogether, without a search warrant. Occurring as it did immediately after the purchase of the whiskey by England and Hale and in view of the appellant and Sheppard from whom they testified they had just procured it, the discovery of the whiskey in their possession by Clark, the manner of its discovery, its seizure and their arrest, were all competent as evidence tending to corroborate the testimony of England and Hale as to when, where and from whom they had purchased the whiskey.

No reason is apparent for sustaining the appellant's further contention that the insufficiency of the evidence entitled him to a directed verdict of acquittal. Considered as a whole, the evidence of the Commonwealth, which was all that was introduced and wholly uncontradicted, shows that while the appellant's companion, Sheppard, acted as spokesman in negotiating the sale of the whiskey to England and was the active agent in delivering it to him and Hale and receiving the money for its sale, the appellant was enough interested in what Sheppard was doing to leave his home in another county twelve miles distant and go with him to the home of England, where they arrived at the unseasonable hour of six o'clock in the morning. Also that he was all the time with Sheppard, in sight and hearing of all that was done and said by him and the other parties throughout the transactions resulting in the sale of the whiskey, and apparently acquiescing in every act and statement of Sheppard; that when the time arrived for consummating the sale of the whiskey, he with Sheppard guided the purchasers to the place where the whiskey was concealed, which was on the farm and near the home of the appellant's brother-in-law; and that he was present when the whiskey was delivered to England and Hale and paid for by England and saw and heard, without objection or disclaimer, the latter by direction of Sheppard make out a check payable to him for $20.00, the larger part of the purchase price agreed on for the whiskey.

In addition to the foregoing evidence, it further appears from the testimony of all the Commonwealth's witnesses that appellant and Sheppard when approached, charged with and arrested by Clark for selling to England and Hale the whiskey discovered by him in their possession, both were upon their horses and seated on

saddle pockets in which "bootleggers" are much accustomed to carry contraband liquors.

Conviction of one charged with a crime or misdemeanor may be had upon circumstantial evidence alone, when it is of such consistency and force as to reasonably exclude every hypothesis of the defendant's innocence. King v. Commth., 143 Ky. 127; Peters v. Commth., 154 Ky. 689; Mobley v. Commth., 190 Ky. 421; Bowling v. Commth., 193 Ky. 642.

The facts and circumstances referred to not only so conduced to prove the appellant's interest in the whiskey mentioned and participation in its sale as to require the submission of the case to the jury, but was also sufficient, in our opinion, to support the verdict declaring his guilt, returned by the jury. Formal objection was made by appellant to the instructions of the court when given, but the brief of counsel fails to show or claim that they contain any prejudicial error; and as such error is not apparent to us, and no reason for disturbing the verdict is otherwise shown by the record, the judgment is affirmed.