## Alex Reub v. The State.

No. 7389.   Decided January 31, 1923.

**1.—Selling Intoxicating Liquor—Evidence—Manufacturing Liquor.**
    Testimony of the manufacture by the accused of intoxicating liquor is admissible in evidence, as having probative force when the charge against him is the selling of intoxicants.

**2.—Same—Evidence—Conversation—Arrest.**
    Upon trial of selling intoxicating liquors, there was no error in introducing testimony as to what took place between the defendant and the officers when they reached his premises, when defendant was not under arrest at the time.

**3.—Same—Argument of Counsel.**
    Where the argument of counsel was not susceptible of any conclusion that it conveyed to the jury evidence of any material fact, not appearing in the record, or that it was of such inflammatory character as to create a prejudice against the defendant, there was no reversible error.

**4.—Same—Requested Charges—Intoxicating Liquor.**
    There was no reversible error in the court's action in declining to instruct the jury that choc beer was not necessarily an intoxicating liquor, or that they could not consider the testimony of the officers with reference to finding of the still and a quantity of intoxicating liquor at the time.

Appeal from the District Court of Eastland County.   Tried below before the Honorable Geo. L. Davenport.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*L. H. Flewellen,* and *Joe W. Strobe,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Eastland County of the offense of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The statement of facts is very short and evidences the sale of two bottles of choc beer by appellant to the purchaser alleged in the indictment.   A witness testified without contradiction that choc beer was intoxicating.

It was in testimony by certain officers that upon information that there was trouble at appellant's place of business, they went down there and found him very much under the influence of liquor and suffering from injuries received during a fight.   They searched further and with a Yale key found in appellant's pocket, they unlocked the door of a small building fifteen or twenty feet in the rear of appellant's bakery and therein found liquor in process of manufacture.   We have frequently held that testimony of the manufacture by the accused

of intoxicating liquor is admissible and has probative force when the charge against him is the selling of intoxicants. We think the bills of excxeuption presenting appellant's objection to the testimony of what was found by the officers present no reversible error.

Appellant also complains of the introduction of testimony as to what took place between him and said officers when they reached his premises. An examination of the record makes it evident that appellant was not under arrest at the time. The officers asked appellant certain questions when they arrived at his premises, and at the time asked him if he knew anything in regard to the outhouse and hog pen back there and he said he knew nothing at all. The officers had made no search of the outhouse and knew nothing of what they would find there and had made no arrest at all. After they found the contents of the outhouse and the still above mentioned, they returned of his room and then arrested appellant. We do not think the statement of appellant that he knew nothing of the contents of the hog pen and outhouse, made under the circumstances above detailed, was subject to the objection that appellant was under arrest and unwarned at the time.

It was alleged in the indictment that the sale of the intoxicating liquor was made to a Mr. Moody, and it appears in appellant's bill of exceptions No. 4 that after this witness left the stand, he was recalled and the State asked him who went with him to appellant's place on the 14th of May, to which witness answered that W. E. Nichols went with him, and the witness was then asked where Mr. Nichols was and replied that he was dead. Said bill shows that this was all objected to. The bill further reflects the fact that during the argument the prosecuting attorney referred to the fight that occurred down there and stated that Reub (appellant herein) was beaten up and that Moody was beat up and then asked the question where is Nichols? The bill further shows that the county attorney then said: "He is dead, and Gentlemen of the Jury, how did he die?" This was also objected to. Said bill further reflects the fact that the court then told the jury they would not consider the argument of Mr. Overson, the State's attorney, for any purpose. We do not regard the argument as susceptible of any conclusion that it conveyed to the jury evidence of any material fact not appearing in the record, or that it was of such inflammatory character as to create a prejudice against the appellant. Even if said remark was susceptible of an inference that Nichols was injured in the fight that occurred, it would in nowise suggest that any blame attach to appellant or to the witness Moody, or to anyone else. Said facts were not gone into and the statement of the county attorney in his argument, while it should not have been made, was not of that injurious character which in our opinion would call for a reversal.

Appellant has two bills of exception complaining of the refusal of special charges. We think the court did not err in declining to in-

struct the jury that choc beer was not necessarily an intoxicating liquor. Nor in refusing to instruct them that they could not consider the testimony of the officers with reference to the finding of the still and a quantity of intoxicating liquor at the time they visited the premises of appellant.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*