on his bill, was entitled to his equitable remedy in subjecting thereto the property, subject to the prior claim or equity of the Singer Sewing Machine Company. Glass v. Tisdale, 106 Ala. 581, 19 South. 70; Westmoreland & Trousdale v. Foster, 60 Ala. 448; Bingham v. Vandegrift, 93 Ala. 283, 9 South. 280. See, also, other cases where liens were necessarily enforced in equity. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 645, 77 South. 12; Tanner & DeLaney Engine Co. v. Hall, 89 Ala. 628, 7 South. 187; Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 513, 69 South. 931, and authorities; A. T. & N. Ry. Co. v. Tolman, 200 Ala. 449, 76 South. 381.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

(96 South. 720)

### Ex parte PARSONS. (6 Div. 839.)

(Supreme Court of Alabama. May 10, 1923. Rehearing Denied June 14, 1923.)

Certiorari to Court of Appeals.

Ike Parsons was convicted of violating the prohibition law, and, his conviction being affirmed by the Court of Appeals, he brings this petition for certiorari to review and revise the judgment and decision of said court in the case of Ike Parsons v. State, 96 South. 719. Writ denied.

Prosch & Prosch, Zac I. Drake, and F. D. McArthur, all of Birmingham, for petitioner.

Harwell G. Davis, Atty. Gen., opposed.

MILLER, J. Writ denied.

---

(96 South. 859)

### FRANK v. FRANK. (3 Div. 602.)

(Supreme Court of Alabama. May 10, 1923. Rehearing Denied June 14, 1923.)

1. Insurance ⬥771—Beneficiary of one insured in benefit association and designated as wife held not precluded from taking as dependent, when it appeared she had not been legally married.

Where one insured in a benefit association had designated his beneficiary as his wife, when in fact she was not legally married to him, due to the fact that he had living a previous wife from whom he was not divorced, which fact was not known to the beneficiary then living with him, held, that she was still a proper beneficiary under a by-law of the association which permitted a wife or persons dependent upon or members of insured's family to be named as beneficiaries; the fact that she was designated as a wife instead of a dependent being insufficient to disqualify her as a dependent.

2. Insurance ⬥825(1)—Condition of dependency of one who thought herself legally married held not broken as matter of law, immediately upon learning true facts.

Where one named as the beneficiary of one insured in a benefit association and designated as insured's wife, when in fact she had never been legally married, had lived with insured for nearly ten years, in ignorance of the fact that she had been victimized, and had borne him a child, held, that it could not be said as a matter of law that her condition of dependency was broken immediately upon discovery of her true relation or upon the illness of insured which resulted in his death, so as to preclude her taking under the policy as a dependent.

3. Evidence ⬥248(2)—Letters written by insured held not binding on beneficiary.

Where one insured in a benefit association had designated his beneficiary as his wife, when in fact he was not legally married to her, though he had lived with her for ten years, due to the fact that he had a previous wife living, letters written by insured to his first wife before his death were not binding on beneficiary named in the policy.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill of interpleader by the Modern Woodmen of America against Nevada Frank and Levada Frank. From a decree of Nevada Frank, Levada Frank appeals. Affirmed.

Brassell, Brassell & Brassell, J. Paul Jones, and W. P. McGaugh, all of Montgomery, for appellant.

A person nominated as beneficiary upon one relationship cannot recover upon proof of a different eligible relationship. Duenser v. Sup. Council, etc., 262 Ill. 475, 104 N. E. 801, 51 L. R. A. (N. S.) 726; Cartwright v. McGown, 121 Ill. 395, 12 N. E. 737, 2 Am. St. Rep. 105; Grimme v. Grimme, 198 Ill. 265, 64 N. E. 1088; Columbian Circle v. Auslander, 222 Ill. App. 61; Alexander v. Parker, 144 Ill. 364, 33 N. E. 183, 19 L. R. A. 187. The beneficiary must be dependent upon the member in a material degree, and the obligation of the member must rest upon some legal or moral grounds. McCarthy v. Supreme Lodge, 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637; 14 R. C. L. 1386; Sovereign Camp v. Hoehn, 204 Ala. 248, 85 South. 696; Morey v. Monk, 145 Ala. 301, 40 South. 411. Appellee repudiated any dependency after her knowledge of the bigamous relationship. Applebaum v. Order, etc., 171 N. C. 435, 88 S. E. 722.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The eligibility of a beneficiary is to be determined by reference to the laws of the