## JOHN FINDLEY v. STATE.

No. A-4717.  Opinion Filed March 9, 1925.
Rehearing Denied May 2, 1925.
(234 Pac. 227.)

(Syllabus.)

1. **Appeal and Error—Record Showing Trial by Jury of Six.** From the whole record it appears that the cause was tried to a jury of six, as provided by law.

2. **Intoxicating Liquors—Search and Seizure of Liquor and Other Articles Remote from Human Habitation not Unreasonable, and Evidence Admissible.** Under the circumstances shown the search and seizure were not unreasonable, and the evidence obtained by means thereof was admissible.

3. **Appeal and Error—Admitting in Evidence Photograph of Still and Appliances not Prejudicial.** Held, that a photograph of a still and appliances admitted in evidence was not prejudicial.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

John Findley was convicted of manufacturing corn whisky, and he appeals.  Affirmed.

E. C. Patton and Joe Adwon, for plaintiff in error.

BESSEY, P. J.  The plaintiff in error, John Findley, here referred to as the defendant, was charged, tried, and convicted for the illegal manufacturing of corn whisky.  By the verdict of the jury his punishment was assessed at confinement in the county jail for a period of six months, and to pay a fine of $500.

The defendant first contends that the record shows that he was tried by a jury of four persons, and that the record does not show that he waived his right, by agreement or otherwise, to try his cause to a jury of six.  This claim is predicated upon the following excerpt from the clerk's minutes, as they appear in the case-made:

"Both sides announce ready for trial.  The following named jury was duly chosen and sworn to try the case and

a true verdict to render according to the evidence: C. H. Green, Marlin Price, Carl Ohnman, F. L. Mennefee."

From the reporter's record the following appears:

"Both sides announced ready for trial. Jury was duly called, chosen, and sworn to try said cause."

Quoting from the instructions of the court:

"You are instructed that three-fourths of the whole number of jurors, that is, five jurors, concurring shall have power to render a verdict * * *; if less than the whole number of jurors render a verdict, then each juror concurring in the verdict must sign it."

No objection to the number of jurors appears anywhere in the record, and no complaint in this regard appears in the motion for a new trial. From a consideration of all that appears, as above set out, we conclude that the defendant was tried by a constitutional jury of six, and that the naming of only four in the clerk's minutes was an inadvertent omission or clerical error.

The defendant next complains that a photograph of the still in controversy was admitted in evidence, over the objections of the defendant, that such admission was improper, for the reason that the photograph was not identified by the person who took it. The record shows that the photograph was taken by the daughter of the sheriff, in his presence; we think, therefore, that the identification by the sheriff was sufficient. He knew that the photograph had been taken, was familiar with the appearance of the scene and the things depicted by the photograph. He would not be disqualified to identify the photograph as a picture of the things seized simply because he did not develop and print it. Whether this deduction be correct or not, the evidence is overwhelmingly to the effect that a still and appliances were seized on these premises, and the photograph was merely secondary evidence, of a cumulative nature, so that its admission,

even if erroneous could not have been prejudicial to the defendant.

Defendant claims that the whisky, the still, and other appliances seized were obtained by an illegal search and seizure, and that the introduction of this evidence was therefore erroneous. The record does not bear out this contention. The seizure was made in a canyon, not adjacent to any human habitation. At the trial no objection was made to the introduction of this evidence, and no objection was made to the evidence relating to a large quantity of mash found in the cistern near the home of a tenant.

This court has held that a search and seizure of contraband liquor and the appliances and materials used to make it in fields, woods, and canyons, remote from any person's home, is not an unreasonable search and seizure, within the meaning of the Constitution. Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224; Rogers v. State, 28 Okla. Cr. 195, 230 P. 279.

This court has also held that, where evidence is obtained by means of an illegal search and seizure, the right to have it excluded must be exercised at the first opportunity, otherwise it will be considered as waived. So far as the evidence relating to the mash taken from the cistern was concerned, there was no objection made at the time it was offered, or afterwards, in the court below.

It is next contended that the officers went on to adjoining premises leased to Johnnie Jones and into the house of a man named Lewis, located on the same land, where they found 26 empty five-gallon bottles and 25 or 30 empty sugar sacks, that this was an illegal search and seizure. The right to complain of an illegal search and seizure inures to the accused only; neither Johnnie Jones nor

Lewis made any objection to the search and seizure, so that any evidence pertinent to the issue obtained through these channels was admissible.

The evidence on the part of the state shows that the defendant and others with him were manufacturing whisky in large quantities. The defendant denied that he was there, or had anything to do with such manufacture. In this he was corroborated by four witnesses, whose testimony tended to show an alibi. The evidence is conflicting, but its weight and the credibility of the witnesses was for the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.