## STATE, Respondent, v. CHRIS DUNN, Appellant.

[258 Pac. 553.]

CRIMINAL LAW — CONVICTION AS PERSISTENT VIOLATOR — ESSENTIAL ELEMENTS OF CRIME—QUESTION FOR JURY—JURISDICTION OF INFERIOR COURT—FAILURE TO MAKE NECESSARY PROOF—EVIDENCE ADMISSIBLE AS TO ILLEGAL SALE—FAILURE TO INSTRUCT NO ERROR.

1. On prosecution for being a persistent violator of the prohibition law, the state must plead and prove previous conviction, as an essential element of the crime.

2. Former conviction, as an essential element of the offense of being a persistent violator of the prohibition law, is a ques-

tion of fact for the jury, so that instruction taking the question from them invades their province.

3. Since, in a felony case, under Const., art. 1, sec. 7, and C. S., sec. 8904, the jury must determine all issues of fact, taking from them the question of former conviction as an element of offense of being persistent violator of the prohibition law is prejudicial.

4. Under C. S., sec. 8837, one pleading judgment of inferior court must affirmatively prove jurisdiction of the court over the subject matter.

5. Docket of probate court, whose judgment of conviction was pleaded, not disclosing that the criminal complaint charged a crime committed within the county in which the probate court was established, under C. S., sec. 6474, fails to make necessary proof of the inferior court's jurisdiction.

6. Articles, though obtained by illegal search of premises in the possession of another, are admissible against defendant, who resided there as member of the family of his brother-in-law.

7. Failure to instruct relative to weight to be given testimony of witness successfully impeached, or that jury might convict of any lower offense included, was not error, no instruction being offered or requested.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Defendant was convicted of being a persistent violator of the state prohibition law. *Reversed and remanded.*

Publisher's Note.

4. See 15 R. C. L. 881.

6. Constitutional guaranties against unreasonable searches and seizures as applied to search for or seizure of intoxicating liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

See Criminal Law, 16 C. J., sec. 255, p. 183, n. 1; sec. 1110, p. 571, n. 93; sec. 2451, p. 1024, n. 80; sec. 2498, p. 1056, n. 20; sec. 2500, p. 1058, n. 37; sec. 3159, p. 1342, n. 94; sec. 3165, p. 1345, n. 41 New; sec. 3173, p. 1347, n. 83; sec. 3175, p. 1347, n. 94. 17 C. J., sec. 3694, p. 344, n. 19.

Indictments and Informations, 31 C. J., sec. 282, p. 734, n. 61, 62.

Intoxicating Liquors, 33 C. J., sec. 492, p. 752, n. 13; sec. 494, p. 753, n. 29; p. 754, n. 30; sec. 558, p. 799, n. 87, 88.

F. C. Keane and Latham D. Moore, for Appellant.

A search without a search-warrant and without the permission of the person whose private home is searched is unlawfull and unreasonable. (*State v. Arregui, ante,* p.. 43, 254 Pac. 788.)

Where timely application for the suppression of evidence secured under an unlawful search is made, it devolves upon the state to justify the action of its officers, and facts justifying the actions of its officers should be submitted to the court at the time of the hearing on the petition. (*State v. Arregui, supra.*)

The reception in evidence of property unlawfully seized by officers, and without due process of law, after the court had made inquiry into and found that such evidence had been seized unlawfully, is reversible error. (*State v. Arregui, supra.*)

Facts constituting the jurisdiction of the court entering a judgment of conviction of a first offense, where a person is accused of being a persistent violator of the prohibition law, must be established upon the trial of the case. (C. S., sec. 8837.)

Proof of a former conviction is a question of fact for the jury to determine by an unanimous verdict. (*State v. Scheminisky,* 31 Ida. 504, 174 Pac. 611; *State v. Dale,* 110 Wash. 181, 188 Pac. 473.)

A court cannot invade the province of the jury by instructing the jury that they should find a certain fact as proven, even though the proof of such fact be conclusive. (*State v. Dale, supra; State v. McLennan,* 40 Ida. 286, 231 Pac. 718.)

An instruction need not be formally requested where it is indicated to the court that it has failed to instruct the jury on a material issue. (*State v. Nicholas,* 222 Mo. 425, 121 S. W. 12.)

The trial court should have instructed the jury that the jury could find the appellant guilty of a sale of intoxicating

liquor under the proof adduced by the state on the trial of this case. (C. S., sec. 8997.)

Jurisdiction of the subject matter of an action must be determined by the allegations of the complaint. (8 R. C. L., sec. 56.)

Frank L. Stephan, Attorney General, John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

A person cannot complain of an unlawful search when the premises searched are not his own property or under his control or direction. (*Gray v. Commonwealth,* 198 Ky. 610, 249 S. W. 769; *Commonwealth v. Tucker,* 189 Mass. 457, 76 N. E. 127, 7 L. R. A., N. S., 1056; *Findley v. State* (Okl. Cr.), 234 Pac. 227; *Francis v. State* (Okl. Cr.), 221 Pac. 785; *Bowling v. Commonwealth,* 193 Ky. 642, 237 S. W. 381; *State v. Fowler,* 172 N. C. 905, 90 S. E. 408.)

No warrant is necessary to search premises where permission of the owner or person in control of the same is secured. (*State v. McLennan,* 40 Ida. 286, 231 Pac. 718; *State v. West,* 42 Ida. 214, 245 Pac. 85.)

A person may consent to the jurisdiction of the person. (*Ex parte Adjuria,* 188 Cal. 799, 207 Pac. 516.) The court will take judicial notice of the jurisdiction of a lower court over the subject matter of an action. (15 C. J. 734.)

An erroneous instruction is not cause for reversal unless it is prejudicial. (*State v. Rice,* 7 Ida. 762, 66 Pac. 87.)

If a conviction could have been sustained had a particular instruction been omitted, the giving of such instruction, even though erroneous, is not prejudicial error. (*State v. Marren,* 17 Ida. 766, 107 Pac. 993; *State v. Silva,* 21 Ida. 247, 120 Pac. 835; *State v. Brill,* 21 Ida. 269, 121 Pac. 79.)

It is not error to fail to give an instruction where no request is made for the same. (*State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Knudtsen,* 11 Ida. 524, 83 Pac. 226; *State v. Harness,* 10 Ida. 18, 76 Pac. 788.)

If appellant desired an instruction on the lesser crime involved in the aggravated offense, he should have requested the same. (*State v. Dale*, 110 Wash. 181, 188 Pac. 473.)

GIVENS, J.—Appellant appeals from the judgment entered on a verdict finding him guilty of being a persistent violator of the state prohibition law.

A certified copy of the docket of the probate court was admitted in evidence and appellant was identified as having been the same person who was the defendant in the probate proceeding. The court instructed the jury:

" . . . . that the record made in the Probate Court, a certified copy of which has been read to you, is sufficient evidence upon which you may find and should find that he has theretofore been convicted of the crime of violating the prohibition law; and you will consider that fact as proven by the evidence introduced before you, so that question is out of the way."

[1-3] It was incumbent upon the state to allege and prove, as an essential element of the crime charged, the previous conviction. (*State v. Adams*, 22 Ida. 485, 126 Pac. 401; 16 C. J. 1342, and cases cited.) This was a question of fact to be determined by the jury (*State v. Scheminsky*, 31 Ida. 504, 174 Pac. 611), and the instruction excluding such from their consideration was erroneous. (*State v. Dale*, 110 Wash. 181, 188 Pac. 473; *State v. Bruno* (Utah), 256 Pac. 109.) Since, in a felony case, a jury (Const., art. 1, sec. 7), must determine all issues of fact (C. S., sec. 8904), this error was prejudicial.

[4] C. S., sec. 8837, provides that "In pleading a judgment or other determination of, or proceeding before a court or officer of special jurisdiction, . . . . the facts constituting jurisdiction . . . . must be established on the trial." In the case of courts of "inferior" or "limited" jurisdiction, the rule is general that no presumption of jurisdiction exists, but, if jurisdiction be shown, then the course of procedure is presumed valid. (*Ex parte Goldsworthy*, 22 Cal. App. 354, 134 Pac. 352, 355; 7 Cal. Jur. 584; 7 R. C. L. 974;

*Kempe v. Kennedy,* 5 Cranch (U. S.), 173, 3 L. ed. 70; *Ex parte Watkins,* 3 Pet. (U. S.) 193, 7 L. ed. 650; *Anderson v. Gray,* 134 Ill. 550, 23 Am. St. 696, 25 N. E. 843, *Smith v. Clausmeier,* 136 Ind. 105, 43 Am. St. 311, 35 N. E. 904; *State v. Dolby,* 49 N. H. 483, 6 Am. Rep. 588; *In re Williams,* 102 Cal. 70, 41 Am. St. 163, 36 Pac. 407; *State v. Hartwell,* 35 Me. 129.) The party relying upon a judgment of an inferior court must affirmatively prove the jurisdiction of the court over the subject matter. (*Hahn v. Kelly,* 34 Cal. 391, 417, 94 Am. Dec. 742; *Colt v. Haven,* 30 Conn. 190, 79 Am. Dec. 244; 16 C. J. 183; *People v. Warden of County Jail,* 100 N. Y. 20, 2 N. E. 870; *Wilkinson v. Moore,* 79 Ind. 397; *Smith v. Clausmeier, supra; Rickard v. Council of City of Santa Barbara,* 49 Cal. App. 58, 192 Pac. 726.)

[5] The portion of the docket material herein is as follows:

"June 23, 1926:—R. E. Garrison files criminal complaint against the above named defendant, Chris Dunn, charging said defendant with the commission of a crime against the state of Idaho, to-wit: Unlawful possession of intoxicating liquor."

C. S., sec. 6446, defines matters over which the probate court has criminal jurisdiction and expressly limits its power to render judgments in cases involving "offenses committed within the respective counties in which such courts are established." The docket in this case fails to disclose that the criminal complaint charged appellant with any crime committed within the county in which the probate court rendering the judgment was established. Such proof must be furnished in order to prove the previous conviction. (*People v. McLaughlin,* 57 App. Div. 454, 68 N. Y. Supp. 246, 15 N. Y. Cr. R. 337; *State v. Alford,* 142 Mo. App. 412, 127 S. W. 109. See, also, *State v. Rose,* 125 La. 1080, 52 So. 165; *Commonwealth v. Connor,* 155 Mass. 134, 29 N. E. 204; *Porter v. State,* 62 Fla. 79, 56 So. 406; *Wolfe v. Abbott,* 54 Colo. 531, 131 Pac. 386.) It is, therefore, unnecessary to determine whether the docket may be conclusive

of the jurisdiction of the probate court since it did not so show.

[6]  Four pints of "moonshine whiskey" and several sacks of empty bottles were, without a search-warrant, obtained by a member of the sheriff's office from a cellar or outhouse on the premises where appellant, as a member of the family of his brother-in-law, one Neely, resided. It is contended that, timely application having been made therefor, these exhibits should have been suppressed under the recent decision of this court in *State v. Arregui, ante,* p. 43, 254 Pac. 788. Neely, who was in possession of the premises, is not herein objecting to the introduction of this evidence nor complaining of any violation of his constitutional rights and appellant cannot object to a search of premises of which he was not in possession nor over which he had no right of control. In *Findley v. State* (Okl. Cr.), 234 Pac. 227, it was held that the right to complain of an illegal search and seizure inures to the accused only; and when the party to whom the premises belong does not object to the search, exhibits seized thereunder are admissible in evidence. To the same effect are *Bowling v. Commonwealth,* 193 Ky. 642, 237 S. W. 381; *Gray v. Commonwealth,* 198 Ky. 610, 249 S. W. 769; *Whitaker v. Commonwealth,* 197 Ky. 283, 246 S. W. 825; 1 Blakemore on Prohibition, sec. 1038, p. 658; 1 Cornelius, Search and Seizure, sec. 12, p. 62, sec. 17, p. 75; *State v. Fowler,* 172 N. C. 905, 90 S. E. 408, 410; *Francis v. State* (Okl. Cr.), 221 Pac. 785; *Commonwealth v. Tucker,* 189 Mass. 457, 4 Ann. Cas. 268, 76 N. E. 127, 131. The evidence was admissible as corroborative of the testimony as to the illegal sale charged in the information. (1 Blakemore on Prohibition, secs. 295, 296, 299; 2 Wollen and Thornton, Law of Intoxicating Liquors, sec. 930, p. 1601; 33 C. J. 752, 753; *People v. Petrovitch,* 67 Cal. App. 405, 227 Pac. 978; *People v. Malone,* 68 Cal. App. 615, 229 Pac. 1000; *State v. Lipman,* 163 Minn. 431, 204 N. W. 163; *Parsons v. State,* 209 Ala. 630, 96 So. 720; *State v. Balsamo* (Mo. App.), 246 S. W. 963; *Reub v. State,* 96 Tex. Cr. 345, 247 S. W. 867.)

[7] Appellant offered no instruction relative to the weight to be given to the testimony of a witness when successfully impeached, hence no error was committed in refusing so to instruct. (*State v. Harness*, 10 Ida. 18, 76 Pac. 788; *People v. Biles*, 2 Ida. 114, 6 Pac. 120.)

The neglect of the trial court to instruct the jury that they might find the defendant guilty of any lower offense included was not error because no instruction was offered thereon or requested by defendant. (*State v. White*, 7 Ida. 150, 61 Pac. 517.)

Reversed and remanded for a new trial in accordance herewith.

Taylor and T. Bailey Lee, JJ., concur.

Budge, J., concurs in the conclusion reached.

Wm. E. Lee, C. J., took no part in the opinion.